### DAVID WARBASSE AND JOSEPH WARBASSE v. THE SUSSEX COUNTY MUTUAL INSURANCE COMPANY.

1. Where the replication in a suit on a policy of insurance in reply to a plea that subsequent insurances had been taken out in violation of a condition, sets up notice of such subsequent policies, it is not necessary for the defendant to prove at the trial, the taking out of such policies, their existence being admitted by the issue.
2. A policy issued to the owner of a building, in which the money is agreed to be paid, in case of loss, to a designated person, is a contract with such owner, and is liable to be defeated by the violation of any of its conditions by such owner.

---

Rule to show cause why a new trial should not be granted. The action was covenant.

Argued at February Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices VAN SYCKEL and DIXON.

For the plaintiff, *L. Van Blarcom* and *L. Cochran.*

For the defendant, *Charles D. Thompson* and *Thos. Kays.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This suit is grounded in a policy of insurance conditioned to indemnify, to a specified extent, William Wright and Abram R. Williams against loss by fire to a certain building and the machinery therein, of which they were the owners. The contract is under the seal of the company, and is in terms between the company and

these parties. The persons thus designated are the assured; they are described in the declaration as having the insurable interest in the premises, and they are to be the actors in giving the notice of loss and performing the other specified conditions. The plaintiffs in this action have no other connection with this agreement than such as arises from the following declaration, contained in the policy: "Loss, if any, payable to David and Joseph Warbasse, mortgagees." The declaration shows a loss of the premises by fire, and the non-payment of the money after notice and proof of loss. The first plea is *non est factum*, and, craving oyer of the policy, sets forth the following condition contained in that instrument: "And if the said insured shall hereafter make any other insurance on the same property, and shall not, with all reasonable diligence, give notice thereof to this corporation, and have the same endorsed on this instrument, or otherwise acknowledged by them in writing, this policy shall cease, and be of no further effect. In case of additional insurance obtained in any other company, this policy shall be suspended until the consent of this company is obtained, by the written consent of one of the executive committee, endorsed on this policy of insurance."

Founded on these provisions there were four special pleas, the first two of which alleged that the assured had taken out certain policies in other companies, and which policies were severally described, and that no notice of such additional insurance was given to these defendants, nor any endorsement thereof made on said supposed policy of insurance, nor any acknowledgment thereof made in writing.

The replications to these pleas were respectively that the assured, "with all reasonable diligence, gave notice of such subsequent insurance to the said defendants."

This of course was no answer to the points of the defence contained in the pleas, as the condition of the policy required not only a notice, but also an endorsement of the notice on the policy, or an acknowledgment by the company in writing. Notwithstanding these palpable defects, the plaintiffs, by their rejoinder, took issues on these pleas, thus raising the single

question whether notice had been given to the defendants of such additional insurances.

The fourth plea which was put in likewise averred the fact of subsequent insurances, and alleged that there was no "consent of this company to the said additional insurances obtained by the written consent of one of the executive committee of the said" defendants. The replication duly takes issue on this fact, alleging a written consent by one of such executive committee.

The fifth plea alleges in a more general form the obtaining of various insurances, and avers the omission to give notice to obtain an endorsement thereof on the policy, or other written acknowledgment, or any written consent of any member of the executive committee endorsed on said instrument. Again, to this plea a replication was interposed, taking issue on the allegation of an omission to give notice, and entirely ignoring the presence of the other facts stated. The replication again takes the issue thus tendered.

Upon the issues thus joined the cause was tried, and at that trial the defendant undertook to prove the existence of subsequent policies on the premises. The judge who presided held that for such a purpose the policies themselves must be produced, and these not being forthcoming, the jury was directed to find for the plaintiffs. But this view was plainly erroneous, inasmuch as the fact that such policies had been taken out by the party assured was admitted by the pleadings. The pleas alleged that the assured had obtained such additional insurances. The replication did not deny that allegation, but admitted it, and, by way of avoidance, set up notice to the defendants that the same had been obtained, and the rejoinder took the issue thus tendered. The only point, therefore, thus left in dispute was with respect to the notice. That additional insurance had been acquired was an admission contained in the record that was not open to dispute.

With respect to the intimation at the Circuit that proof of the unauthorized acquisition by the party assured of additional policies, in contravention of the prohibition of the instru-

ment, could not have affected the plaintiff in the suit, it is enough to say that such intimation has no foundation in the decisions of the courts. The rule of law is settled that a direction in the policy that the money, if it becomes due, is to be paid to a designated person, does not alter the agreement of insurance in any respect, except in the one particular of appointing a denominated person to receive such payment. It is still the owner of the premises who is insured, and the continued validity of the policy is dependent upon the performance by him of the conditions embraced in it. This was one of the points decided in the case of *Martin* v. *Franklin Insurance Company*, 9 *Vroom* 140.

The rule must be made absolute.